WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lee Williams, | No. CV-17-03390-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before this Court are the Motion to Dismiss filed by Defendant State of California ("California") (Doc. 50); the Motion to Dismiss filed by Defendant State of Arizona ("Arizona") (Doc. 52); the Motion to Dismiss filed by Defendant Metropolitan Water District of Southern California ("Metropolitan") (Doc. 54); the Motion to Dismiss (Doc. 57) and the Motion to Transfer (Doc. 60) filed by Defendant United States; and the Motion for Default (Doc. 62) and the document titled "Motion for Subpoena, FRCP, Rule 45(d)" (Doc. 69) filed by *Pro Se* Plaintiff James Lee Williams ("Plaintiff"). Plaintiff has not filed a response to any of the Motions to Dismiss (Docs. 50, 52, 54, and 57) or the Motion to Transfer (Doc. 60) and the time to do has expired. *See* LRCiv. 7.2(c). Defendants Metropolitan, California, United States each filed a timely Response (Docs. 63, 64, and 68) to Plaintiff's Motion for Default; Plaintiff did not file a Reply and the time to do so has expired. *See* LRCiv. 7.2(c). Metropolitan and the United States have each filed a Response to Plaintiff's "Motion for Subpoena, FRCP, Rule 45(d)" (Docs. 70 and 71). While the time for Plaintiff to file a Reply in support of his "Motion for Subpoena, FRCP,

Rule 45(d)" has not expired, the Court finds a Reply unnecessary.

## I. BACKGROUND

Plaintiff, a resident of Yuma, Arizona, initiated this action on October 2, 2017. (Doc. 1). The Court has already granted Arizona's and California's prior Motions to Dismiss (Docs. 13 and 22), finding that "Plaintiff's claims lack statutory authority to abrogate state sovereign immunity and neither Arizona nor California consent to this Court's jurisdiction." (Doc. 44 at 4). Additionally, the Court granted Metropolitan and the United States' Motions for More Definite Statement (Docs. 25 and 32). The Court instructed Plaintiff, that if he chooses to file an amended complaint, he:

> must (1) state what rights he believes were violated, (2) the name of the person, persons, or entities who committed each violation, (3) what that individual did or failed to do, (4) how the action or inaction of that person is connected to the violation of Plaintiff's rights, (5) what specific injury Plaintiff suffered because of the person's conduct, and (6) why the Court is the proper venue for his claim.

(Doc. 44 at 7). On July 16, 2018, Plaintiff filed an Amended Complaint (Doc. 45); each Defendant subsequently filed a motion to dismiss. In his Amended Complaint, Plaintiff alleges that Defendants violated the Fifth, Thirteenth, and Fourteenth Amendments when they fraudulently took the water rights from an African American community living on an area known as Yuma Island. (Doc. 45 at 1). Yuma Island includes approximately 2,800 acres[1] of land located in California that Arizona owns and manages. (Doc. 54 at 7). The Arizona State Lands Department currently leases this land to approximately seventeen (17) lessees, including Plaintiff. (*Id.*) Metropolitan provides that, because the waters underlying Yuma Island come from the Colorado River, legal use of ground water requires a contract pursuant to the United States Supreme Court's 2006 Consolidated Decree. (*Id.*) The 2006 Consolidated Decree was the result of over seventy (70) years of litigation in *Arizona v. California*, 547 U.S. 150 (2006).

---

[1] The Court notes that there is a dispute between Arizona and California regarding the total acreage of Yuma Island (Doc. 54 at 7). The Court here does not render any opinion as to the correct acreage of Yuma Island.

## II. DISCUSSION

The Court may construe Plaintiff's failure to respond to all of Defendants' motions to dismiss as consent to the Court granting these motions. *See* LRCiv. 7.2(i) (failure to file a response to a motion may be deemed a consent to the granting of the motion and the Court may dispose of it summarily); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Garcia v. GMAC Mortgage, LLC*, 2009 WL 2782791, at * 1 (D. Ariz. 2009) ("If an argument is not properly argued and explained, the argument is waived."); *Doe v. Dickenson*, 2008 WL 4933964 at *5 (D. Ariz. 2008) ("[t]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants argument"); *Currie v. Maricopa County Cmty. College Dist.*, 2008 WL 2512841, at * 2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion"). Nonetheless, the Court will review the motions on their merits.

The Court will first address Arizona's and California's Motions to Dismiss (Docs. 50 and 52).

### A. Arizona's and California's Motions to Dismiss

Arizona and California have moved for dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. (Docs. 50 and 52). Here, Arizona and California argue that this Court cannot adjudicate Plaintiff's claims against them because the Eleventh Amendment grants sovereign immunity to states. (Doc. 50 at 3; Doc. 52 at 1). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973). Arizona and California have made clear that they do not consent to this Court's jurisdiction. (Doc. 50 at 3; Doc. 52 at 1). Therefore, Plaintiff must provide

statutory authority that abrogates state sovereign immunity for his claims.

As previously noted, Plaintiff did not respond to Arizona and California's Motions to Dismiss; however, in Plaintiff's First Amended Complaint, he provides that:

> Arizona and California colluded in the fraudulent taking of the water rights authorized for land on the Yuma Island. Their actions violated the 1964 Civil Rights Act, Statute 2000d-7 for racial discrimination in deprivation of Civil Rights that violated the 14th Amendment Equal Protection and Due Process Clauses. Section (5) of the 14th Amendment id [sic] invoked for abrogating the 11th Amendment Sovereign Immunity protection.

(Doc. 45 at 2). However, claiming that a constitutional right has been violated does not automatically side-step the Eleventh Amendment. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) ("Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts."). Furthermore, while Plaintiff references the Civil Rights Act, he does not identify the Title of the Civil Rights Act under which he brings his claim. Therefore, Plaintiff's claims lack statutory authority to abrogate state sovereign immunity, and neither Arizona nor California consented to this Court's jurisdiction. Because Arizona and California maintain their sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims against them. The Court, therefore, grants the Motions to Dismiss filed by California and Arizona. (Docs. 50 and 52). These defendants are hereby dismissed from this action.

**B.     The State of Arizona is a Necessary and Indispensable Party**

As the Court has determined that Arizona is entitled to sovereign immunity, the Court must now address Metropolitan's claim that if Arizona is entitled to sovereign immunity—and therefore is dismissed from this action—then Plaintiff's entire case must be dismissed pursuant to Rule 12(b)(7), because Arizona, as the landowner, is a necessary and indispensable party to this litigation under Federal Rules of Civil Procedure ("Rule") 19(b). (Doc. 54 at 16); *see Dredge Corp. v. Penny,* 338 F.2d 456, 463–64 (9th Cir. 1964) (explaining that a motion to dismiss is the appropriate vehicle to decide dismissal for failure to join a party).

The framework for determining whether a party is necessary and indispensable is provided by Rule 19. The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Rule 19 provides a three-step process for determining whether the Court should dismiss an action for failure to join a purportedly indispensable party. *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). First, the Court must determine whether the absent party is "necessary."[2] Rule 19(a) provides that a party is "necessary" in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action. *See Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996) (citing those two circumstances). If the absent party is "necessary," the Court must then determine whether joinder is "feasible." Fed.R.Civ.P. 19(a) & (b). Joinder is not feasible in three circumstances: (1) when venue is improper, (2) when the absentee is not subject to personal jurisdiction, and (3) when joinder would destroy subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a); *see also Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986) (listing the three factors that may make joinder unfeasible). Finally, if joinder is not "feasible," the Court must then decide whether the absent party is "indispensable," *i.e.*, whether in "equity and good conscience" the action can continue without the party. *See* Fed.R.Civ.P. 19(b) (listing factors for courts to consider).

Here, the crux of Plaintiff's claims is that Defendants fraudulently took the "[w]ater [e]ntitlements authorized for the land on the Yuma Island" and that he "was denied the right to acquire the water entitlements and land."[3] (Doc 45 at 1). However, Plaintiff does

---

[2] Courts use the term "necessary" to describe those parties "to [b]e [j]oined if [f]easible." Fed. R. Civ. P. 19(a); *see also Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n.5 (9th Cir. 2004) (explaining that the term "necessary" is a "term [ ] of art in Rule 19 jurisprudence"); *United States v. Bowen,* 172 F.3d 682, 688 (9th Cir. 1999). If understood in its ordinary sense, "necessary" is too strong a word, for it is still possible under Rule 19(b) for the case to proceed without the joinder of the so-called "necessary" absentee. In fact, Rule 19(a) "defines the persons whose joinder in the action is desirable" in the interests of just adjudication. Fed.R.Civ.P. 19 Advisory Committee Note (1966); *see also Bowen*, 172 F.3d at 688.

[3] Additionally, Plaintiff appears to argue that Defendants somehow defrauded or manipulated the U.S. Supreme Court into reaching its decisions on Colorado River water

not own the land at issue, he merely leases it from Arizona. (*Id.* at 2). Therefore, Plaintiff is effectively asking the Court to decide his rights with respect to land he leases from Arizona, without hearing from Arizona. Thus, Arizona, as the landowner and party to the lease, is a necessary party. *See Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002) ("a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract."); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1326 (9th Cir. 1975) (holding unequivocally that the Hopi Tribe was a necessary—and indispensable—party to a suit by an individual challenging a lease between the Hopi Tribe and the Peabody Coal Company simply by virtue of being a signatory to the lease).

The next question for the Court to address is the feasibility of the Court to join Arizona. *See Union Pac. R.R. Co. v. Runyon*, 320 F.R.D. 245, 253 (D. Or. 2017). Here, the Court has already determined that Arizona is entitled to sovereign immunity; therefore, joinder of Arizona in this litigation is not feasible. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 192 F. Supp. 3d 54, 68 (D.D.C. 2016), *aff'd*, 875 F.3d 1132 (D.C. Cir. 2017), *opinion amended and superseded*, 883 F.3d 895 (D.C. Cir. 2018) ("Joinder of the State of Michigan in this litigation is not feasible because the State enjoys sovereign immunity from suit under the Eleventh Amendment of the U.S. Constitution."); *see also Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996) ("The sovereign immunity of the Navajo Nation and the Hopi Tribe . . . prevents them from being joined involuntarily unless they waive their immunity.").

…

---

rights in *Arizona v. California*. Adjudication of Colorado River water rights was litigated before the U.S. Supreme Court in *Arizona v. California* for over 70 years, culminating in the 2006 "Consolidated Decree," which is the comprehensive settlement of Colorado River water rights, consolidating the substantive provisions of the decrees previously entered in that action at 376 U.S. 340 (1964), 383 U.S. 268 (1966), 439 U.S. 419 (1979), 466 U.S. 144 (1984), and 531 U.S. 1 (2000). *Arizona v. California*, 547 U.S. 150 (2006) ("2006 Consolidated Decree"). The U.S. Supreme Court has retained jurisdiction over *Arizona v. California*. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1155 (9th Cir. 2017). Therefore, to the extent that Plaintiff is arguing the U.S. Supreme Court's decision in *Arizona v. California* is the product of fraud, this Court does not have subject matter jurisdiction over that claim.

As the Court has determined that Arizona is a necessary party that cannot be joined, the Court must determine "whether in 'equity and good conscience' the case should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990) (quoting Fed.R.Civ.P. 19(b)). "This analysis generally requires a consideration of four factors: (1) prejudice to the absent or existing parties; (2) possibility to lessen or avoid said prejudice; (3) adequacy of the remedy in the party's absence; and (4) the existence of an adequate remedy in the event of a dismissal." *Detroit Int'l Bridge Co.*, 192 F. Supp. 3d at 69. However, other courts have determined "'there is very little room for balancing of other factors' set out in Rule 19(b) where a necessary party under Rule 19(a) is immune from suit because immunity may be viewed as one of those interests 'compelling by themselves.'" *Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Babbitt*, 43 F.3d 1491, 1496 (D.C. Cir. 1995) (quoting *Wichita & Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765, 777 n.13 (D.C. Cir. 1986) (citation omitted)) (citing *Enter. Mgm't Consultants, Inc. v. U.S. ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989); *Adams v. Bell*, 711 F.2d 161, 171 n.42 (D.C. Cir. 1983) (en banc), *cert. denied*, 465 U.S. 1021 (1984); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D, § 1617, at 257 (2d ed. 1986)). Since Arizona is both necessary and immune from suit, the Court faces a "more circumscribed inquiry" under Rule 19(b). *Kickapoo II*, 43 F.3d at 1497.

With respect to the first factor, insofar as it focuses on prejudice to Arizona, the inquiry is the same as that under Rule 19(a)(1)(B) "regarding whether continuing the action will impair the absent party's ability to protect its interest." *Id*. (citations omitted); *see also Dewberry v. Kulongoski,* 406 F. Supp. 2d 1136, 1148 (D. Or. 2005). Since Arizona is a necessary party with a protectable interest in Yuma Island, there is no question that it would be prejudiced by a judgment rendered in its absence. Thus, the Court finds that a judgment in favor of Plaintiff in the absence of Arizona would prejudice its interest in its land and its lease. *Detroit Int'l Bridge Co.*, 192 F. Supp. 3d at 69.

The second factor also weighs in favor of dismissal. Given the relief sought by

Plaintiff—which would require a conclusion that the Plaintiff was denied the right to acquire the water entitlements and land—and the sovereign immunity of Arizona, "there is no way the court can avoid the prejudice" that would result from determining Plaintiff is entitled to land and water in Arizona's absence. *Kickapoo II*, 43 F.3d at 1498; *Dewberry*, 406 F. Supp. 2d at 1148 (finding that "it [was] impossible to lessen or avoid prejudice to the Tribes" because the plaintiffs sought to nullify the relevant compact).

As pled, the allegations in Plaintiff's First Amended Complaint do not properly state a cause of action against Arizona, a state entitled to sovereign immunity. However, under Rule 19, Arizona is an indispensable party. *Kickapoo II*, 43 F.3d at 1498 ("Under the first and second prongs of [the Rule 19(b) evaluation], when the relief requested **must**, to satisfy plaintiffs' claims, be in derogation of the rights of a person not before the court, that person is an indispensable party.") (*quoting Adams v. Bell,* 711 F.2d 161, 171 n.42 (D.C. Cir. 1983) (emphasis in original). Accordingly, the Court must dismiss the Plaintiff's First Amended Complaint in its entirety.

### C. Leave to Amend

Finally, the Court must decide whether to grant Plaintiff leave to amend. Under Rule 15(a), leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Manson v. Washington Health Care Auth.*, 2017 WL 1364606, at *3 (W.D. Wash. Apr. 14, 2017) ("Typically, this liberal standard warrants at least one opportunity for a *pro se* plaintiff to amend the complaint in response to the pleading deficiencies that the court identifies."). Furthermore, the Court "has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim

due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts in the Ninth Circuit routinely deny leave to amend as futile when the Eleventh Amendment bars the plaintiff's claims. *See Block v. Wash. State Bar Assoc.*, 2016 WL 1464467, at *10 (W.D. Wash. Apr. 13, 2016) (denying leave to amend based on the Eleventh Amendment); *Hupp v. Diaz*, 2015 WL 4208567, at *3 (C.D. Cal. May 28, 2015) (same); *Wheeler v. Hilo Med. Ctr., Inc.*, 2010 WL 1711993, at *5 (D. Haw. Apr. 27, 2010) (same); *Gallagher v. Univ. of Cal., Hastings Coll. of the Law*, 2001 WL 1006809, at *4 (N.D. Cal. Aug. 16, 2001) ("The dismissal is without leave to amend because an amendment would be futile in view of the court's finding that the defendants enjoy sovereign immunity."); *but see Sodaro v. Supreme Court of Ariz.*, No. 2013 WL 1123384, at *1-2 (D. Ariz. Mar. 18, 2013) (allowing amendment because the *Ex Parte Young* exception allows a plaintiff to sue state officials in their official capacities for prospective relief).

Here, the Court will provide Plaintiff with an opportunity to file a Second Amended Complaint; however, Plaintiff must demonstrate that Arizona has either waived its Eleventh Amendment immunity as to this action or that such immunity has been abrogated by Congress. Of course, Plaintiff must also demonstrate as much with regards to California. Additionally, Plaintiff is again advised that in order to survive dismissal, the amended complaint must satisfy the pleading requirements of Rule 8. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a demand for the relief sought. Fed.R.Civ.P. 8(a)(1)-(3).

These pleading requirements are to be set forth concisely in separate and discrete numbered paragraphs. The amended complaint also must set forth each legal claim for relief in a separate count (i.e., count one, count two, etc.). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file a third amended complaint if the second amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

## III. CONCLUSION

As the Court has determined that Arizona is a necessary and indispensable party, this litigation cannot continue without Arizona. Therefore, Plaintiff's First Amended Complaint (Doc. 45) is dismissed. The Court will deny as moot the Motion to Dismiss (Doc. 57) and the Motion to Transfer (Doc. 60) filed by the United States and the Motion for Default (Doc. 62) and "Motion for Subpoena, FRCP, Rule 45(d)" (Doc. 69) filed by Plaintiff.

Accordingly,

**IT IS ORDERED** that California's Motion to Dismiss (Doc. 50), Arizona's Motion to Dismiss (Doc. 52), and Metropolitan's Motion to Dismiss (Doc. 54) are **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint (Doc. 45) is **DISMISSED** with leave to file a Second Amended Complaint;

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint within thirty (30) days of the date this Order is entered. If Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of the Court shall dismiss the action without further order of this Court; and

…

…

**IT IS FINALLY ORDERED** that United States' Motion to Dismiss (Doc. 57) and the Motion to Transfer (Doc. 60) and Plaintiff's Motion for Default (Doc. 62) and "Motion for Subpoena, FRCP, Rule 45(d)" (Doc. 69) are **DENIED AS MOOT**.

Dated this 17th day of December, 2018.

Honorable Diane J. Humetewa
United States District Judge